Peter E. Perkowski (SBN 199491)
peter@perkowskilegal.com
PERKOWSKI LEGAL, PC
515 S. Flower Street
Suite 1800
Los Angeles, California 90071
Telephone: (213) 340-5796

Attorneys for Plaintiff
TIZIANO DA SILVA

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TIZIANO DA SILVA,<br>*Plaintiff*,<br>v.<br>NATALI BUKVIĆ,<br>*Defendant*. | Case No. 2:26-cv-10558<br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br>*Jury Trial Demanded* |

Plaintiff Tiziano Da Silva, for his complaint against defendant Natali Bukvić, alleges as follows:

## JURISDICTION

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C. § 101 et seq. This Court therefore has jurisdiction over the subject matter of this action under 28 U.S.C. § 1331 (federal question) and § 1338 (copyright).

## PARTIES

2. Plaintiff is a freelance photographer for global premier celebrity news and photo agencies, through which he licenses photographs to leading magazines, newspapers, and editorial clients, throughout the world.

3. Mr. Da Silva is domiciled in the country of France.

4. Defendant Natali Bukvić is a popular internet personality, pop culture curator, and digital archiver who is pseudonymously known as "Velvet Coke."

5. On information and belief, Ms. Bukvić is domiciled in the city of Zadar in the Republic of Croatia.

6. On information and belief, Ms. Bukvić owns, operates, or is responsible for the content of the social media account @velvetcoke on Instagram, which has over 2 million followers.

7. As a result of a Digital Millennium Copyright Act counternotification filed with Instagram, Ms. Bukvić has consented to personal jurisdiction in any judicial forum in the United States in which Meta Platforms, Inc., the corporate owner of Instagram, may be found.

8. On information and belief, Meta Platform can be found in the State of California and in this judicial district.

9. Accordingly, this Court has personal jurisdiction over Ms. Bukvić.

10. Venue in this judicial district is proper under 28 U.S.C. § 1400(a).

**BACKGROUND FACTS**

11. Mr. Da Silva owns and holds the copyright in two photographic images depicting celebrity musical artist Rihanna and her husband A$AP Rocky (the "Images").

12. The Images were first published outside the United States in June 2024 and were designated for licensing purposes as exclusive, special pricing, and no web use allowed.

13. The Images were registered with the U.S. Copyright Office, within 90 days of first publication, as Reg. No. VA 2-410-250 (eff. July 31, 2024).

14. Ms. Bukvić used the Images for her own purposes without permission or license from Mr. Da Silva. Specifically, on or around August 21, 2024, Ms. Bukvić or someone acting on her behalf copied the Images from unknown sources, stored the

Images on a server, and displayed the Images by posting them to Instagram on the @velvetcoke account.

**CLAIM ONE**

**(For Copyright Infringement, 17 U.S.C. § 501)**

15. All prior paragraphs are incorporated into this claim.

16. Plaintiff is the copyright owner of the protected Images named above in this Complaint.

17. Defendant has reproduced, displayed, or otherwise copied the Images without plaintiff's authorization or license.

18. The foregoing acts of defendant infringed upon the exclusive rights granted to copyright owners under 17 U.S.C. § 106 to display, reproduce, and distribute their work to the public. Such actions and conduct constitute copyright infringement in violation of 17 U.S.C. §§ 501 et seq.

19. Plaintiff has complied in all respects with 17 U.S.C §§ 101 et seq. and secured and registered the exclusive rights and privileges in and to the copyright of the Images in accordance with 17 U.S.C § 408.

20. Plaintiff suffered damages as a result of defendant's unauthorized use of the Images.

21. Having timely registered copyright in the Images, plaintiff is entitled to elect statutory damages under 17 U.S.C. § 412 and § 504(c), in an amount of not less than $750 or more than $30,000 per infringement of each work registered before the infringements.

22. At the time of the infringement, defendant knew that it did not have permission to use the Images on its website. Plaintiff alleges that defendant's actions were intentional or in reckless disregard of plaintiff's copyrights, and that such actions support an award of enhanced statutory damages for willful infringement under the Copyright Act, 17 U.S.C. § 504(c)(2), in the sum of up to $150,000 per infringed work.

23. In the alternative, plaintiff is entitled to recovery of its actual damages and defendants' profits attributable to the infringement of the infringed image, under 17 U.S.C. § 504(b).

24. Within the time permitted by law, plaintiff will make its election between actual damages and profit disgorgement, or statutory damages.

25. Plaintiff is also entitled to an award of attorney fees and other expenses under 17 U.S.C. § 412 and § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following:

A. For a preliminary and permanent injunction against defendant and anyone working in concert with her from further copying or displaying the Images;

B. For an order requiring defendant to account to plaintiff for their profits and any damages sustained by plaintiff arising from the acts of infringement;

C. As permitted under 17 U.S.C. § 503, for impoundment of all copies of the Image used in violation of plaintiff's copyright—including digital copies or any other means by which they could be used again by defendant without plaintiff's authorization—as well as all related records and documents;

D. For actual damages and all profits derived from the unauthorized use of the infringed images or, where applicable and at plaintiff's election, statutory damages;

E. For an award of pre-judgment interest as allowed by law;

F. For attorney fees, costs and expenses, and all other amounts authorized or permitted under law.

G. For such other and further relief as the Court deems just and proper.

///

///

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury of all issues permitted by law.

Dated: September 16, 2026

Respectfully submitted,

**PERKOWSKI LEGAL, PC**

By: /s/ Peter Perkowski
Peter E. Perkowski

Attorneys for Plaintiff
TIZIANO DA SILVA